# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEANNA MARIE BLACKMAN,<br><br>Defendant. | CR-08-129-GF-DLC-RKS-01<br><br>FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE |

## I. Synopsis

Ms. Blackman was charged with violating her supervised release conditions by consuming alcohol. She admitted to the violation. Ms. Blackman's supervised release should be revoked. She should be incarcerated for 12 months and one day, with no supervised release to follow.

## II. Status

Ms. Blackman plead guilty in 2009 to Assault Resulting in Serious Bodily Injury. Doc. 19. She was sentenced to 41 months in prison and three years supervised release. Doc. 31. Ms. Blackman began the supervised release period in June 2012. Doc. 66. In March 2013, her supervised release was revoked

because she violated the conditions by associating with a convicted felon. Doc. 62. Ms. Blackman was ordered to spend approximately five months in custody as a sanction for the violations, with 31 months supervised release to follow. Doc. 63. She began her current term of supervision on May 11, 2013. Doc. 66. On December 4, Ms. Blackman's probation officer sought a modification of conditions to require Ms. Blackman to reside in a pre-release facility for six months. Doc. 65. Before any action was taken on than request, the probation officer filed a petition for revocation of Ms. Blackman's release. Doc. 66.

**Petition**

The United States Probation Office filed a petition on Dec 9, 2013, requesting revocation of Ms. Blackman's supervised release. The petition alleged that Ms. Blackman had violated Special Condition 4 of her supervised release by consuming alcohol at the Pioneer Bar in Cut Bank on December 6, 2013. Doc. 66. Based on the petition, the undersigned issued a warrant for Ms. Blackman's arrest. Doc. 67.

**Initial appearance**

Ms. Blackman was arrested on December 10, 2013. Doc. 68. She appeared before the undersigned on December 12. Ms. Blackman was accompanied by Federal Defender Anthony Gallagher, who was appointed as counsel. The United

States was represented by Assistant United States Attorney Ryan Weldon. Ms. Blackman said she had read the petition and understood the allegations. Mr. Weldon warned Ms. Blackman she could be incarcerated for up to 24 months if her supervised release is revoked.

The undersigned informed Ms. Blackman that a revocation hearing would be held, and based on that hearing a recommendation would be made to United States District Judge Dana Christensen, who will decide whether to revoke her supervised release and, if appropriate, impose a sanction. Mr. Gallagher said he and Ms. Blackman were prepared to proceed immediately to the revocation hearing. Mr. Weldon was also prepared, so the revocation hearing commenced.

**Revocation hearing**

Ms. Blackman was present at the revocation hearing with Mr. Gallagher. Mr. Weldon represented the United States. Ms. Blackman admitted to violating her supervised release, as alleged in the petition (though not to any other misconduct alleged or implied in the narrative portion of the petition).

The undersigned believes Ms. Blackman's admission establishes a violation. Ms. Blackman appeared to make the admission knowingly and after consultation with her attorney. The violation merits revocation of Ms. Blackman's supervised release because it was a deliberate and substantial violation of a condition.

Ms. Blackman's violation grade is C, her criminal history category is I, and the underlying violation is a Class C felony.  The undersigned calculated that she could be incarcerated for up to 24 months. The United States Sentencing Guidelines call for 3 to 9 months imprisonment.   U.S. Guidelines Manual, Ch. 7. Ms. Blackman could be ordered to remain on supervised release for up to 33 months, less any custodial time imposed.  Mr. Weldon and Mr. Gallagher corrected the calculation of the maximum potential custodial term, which they agreed is actually 24 months.

Mr. Gallagher requested a sanction of incarceration within the guideline range.  Mr. Gallagher said Ms. Blackman had been doing well on supervised release and was in a healthy relationship, but succumbed to her alcohol addiction. Mr. Gallagher described Ms. Blackman as a good woman with a bad alcohol problem.  Mr. Gallagher asked that, if the court is inclined to impose a 12-month custodial sanction, an extra day be added so that Ms. Blackman would qualify for "good time" credit.  Mr. Gallagher said no more supervised release should be imposed.  He said that Ms. Blackman is unable to comply with the conditions, and it will simply result in her "doing life on the installment plan."[1]

---

[1] That is, serving numerous relatively short periods of incarceration that collectively comprise a large portion of her life.

Ms. Blackman addressed the court. She also said that she is unable to comply with supervised release conditions. Ms. Blackman noted that her substance abuse problem is limited to alcohol – she does not abuse drugs. Ms. Blackman explained that she wants to change her lifestyle so she doesn't keep returning to prison. She said she plans to move off the reservation, where it is particularly difficult for her to implement the changes she contemplates.

Mr. Weldon requested a sanction of 12 months incarceration. He agreed supervised release is ineffective and should be discontinued. Mr. Weldon argued that a custodial sanction above the guideline range is justified by Ms. Blackman's repeated violations, and because the requested sanction would excuse her from supervised release.

**Analysis**

Ms. Blackman should be ordered into custody for 12 months and one day, with no supervised release to follow. Ms. Blackman's repeated, willful violations justify a modest upward departure from the guideline range. This is particularly true because when Ms. Blackman's previous supervised release period was revoked, she successfully lobbied for a relatively short custodial sanction by assuring the court of her future compliance. Her failure to keep that promise is a serious breach of the trust placed in her. The extra day should be included because

it will qualify Ms. Blackman for "good time" credit, so she will have a strong incentive to conduct herself well while in custody.

Additional supervised release should not be imposed. Considering Ms. Blackman's past failure to comply with conditions, additional supervision is unlikely to benefit either her or the community.

## Conclusion

Ms. Blackman was informed that the sanction described above would be recommended to Judge Christensen, who will ultimately decide whether to revoke her supervised release and what, if any, sanction to impose. Ms. Blackman was reminded of her right to object to the Findings and Recommendations within 14 days of their issuance, and that Judge Christensen will not make his decision without considering Ms. Blackman's objection if it is properly filed within the alloted time.

The Court makes the following **FINDING:**

1. Ms. Blackman violated Special Condition 4 of her supervised release by consuming alcohol on or around December 6, 2013.

2. Supervised release is not effective in Ms. Blackman's case and is a poor use of government resources.

It is thus **RECOMMENDED:**

1. The District Court enter the attached Judgement, revoking Ms. Blackman's supervised release and committing Ms. Blackman to the custody of the United States Bureau of Prisons for a term of imprisonment of 12 months and one day.

**NOTICE OF RIGHT TO OBJECT TO
FINDINGS & RECOMMENDATIONS AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 16th day of December, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge